Argued October 14, affirmed November 23, 1920.

## LA FOLLET v. JONES.

(193 Pac. 446.)

**Evidence—Agency Held Sufficiently Shown to Admit Conversation With Principal.**

1. In an action for the possession of sheep owned by a third person, evidence *held* to establish plaintiff's agency for such person sufficiently to justify admission of a conversation between defendant and the third person.

**Appeal and Error—Error in Instruction Held Cured by Verdict for Defendant on Separate Independent Issue.**

2. In action for possession of sheep, any error in an instruction as to plaintiff's former right of possession as between him and the owner, a third party, was immaterial, where the verdict showed that the jury did not find against plaintiff as having no special property or ownership, but found in favor of defendant on his affirmative answer that he took up the sheep for trespassing and cared for them.

From Marion: PERCY R. KELLY, Judge.

Department 2.

This is an action for the possession of sixty-one sheep and damages for the taking and detention of the same. The cause was tried by the court and a jury, and a verdict rendered in favor of defendant. Plaintiff appeals from the resulting judgment. The

complaint is in the usual form. The defendant in his answer pleaded in substance:

That plaintiff's and defendant's farms are adjoining each other, with a partition fence between them; that plaintiff and defendant agreed that each should keep his stock on his own premises; and that, if the stock of either crossed on to the premises of the other, the owner of the premises should take up and confine such stock and hold the same until the charges therefor were paid.

"That thereafter, and in violation of the terms of said agreement, the plaintiff continued to permit his stock to trespass on the said lands of the defendant, thereby injuring and destroying crops growing on said premises, by reason whereof the defendant sustained damage, and that on or about the 12th day of August, 1918, the sheep mentioned in plaintiff's amended complaint had crossed through said partition fence from plaintiff's premises, and were trespassing on the defendant's said premises, and causing damage as aforesaid, and thereupon, and in pursuance to the terms of the agreement between plaintiff and the defendant, the defendant took up and confined said sheep until the same were taken from the defendant by the sheriff of Marion County, Oregon, and delivered to plaintiff after the institution of this action."

That defendant and the owner of the sheep, F. B. Decker, acting for himself and plaintiff, agreed upon the sum to be paid to release the sheep, but that the same had not been paid.

The reply put in issue the affirmative matter of the answer, except as to the ownership of the adjoining premises.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carson & Brown* and *Mr. John Bayne,* with an oral argument by *Mr. Thomas Brown.*

For respondent there was a·brief over the names of *Mr. John H. McNary* and *Messrs. Smith & Shields,* with oral arguments by *Mr. McNary* and *Mr. Roy Shields.*

BEAN, J.—1. Plaintiff assigns (1) that the court erred in permitting the defendant, upon his direct examination over the objection of the plaintiff, to relate a conversation he had with one F. B. Decker, not made in the presence and hearing of the plaintiff, about the property in controversy, and in permitting him to answer the following questions:

"Q. (Mr. Shields continuing:) Just relate the conversation, Mr. Jones.

"A. Well, when I got back to the auto, I says to Decker, 'When are you going to get the sheep?' 'Why,' he says, 'In three or four days I will be after the sheep or send a man.' That was about thirty days I had had them up then; that is, in the pasture; and he says, 'What are the charges?' 'Why,' I says, 'about twenty-five dollars for the time'; and the next I heard of—I didn't hear anything more—

"Q. (Interrupting.) What did he say about paying for—

"A. Why, he said, 'All right'; he said he would come and get the sheep is what he said, exactly."

It is contended by plaintiff's counsel that there was no competent proof of the agency of Decker, and that the testimony was mere hearsay. It appears from the bill of exceptions that Mr. Decker was the real owner of the sheep, and by a written contract, in evidence, leased them to plaintiff on the shares. After the sheep had trespassed upon defendant's land, at defendant's solicitation, plaintiff came and examined defendant's field of grain to see what damage the sheep had done, after which plaintiff said to defendant, "Those are Mr. Decker's sheep." At

another time, when La Follet, Jones, and Decker were present, as plaintiff testified, Mr. Jones in a conversation stated to La Follett that "They are Decker's sheep." Plaintiff stated, "Mr. Decker is right here to speak for himself." Mr. Decker stated that "Mr. Follet has charge of the sheep." This would plainly show that Decker had authority to treat with defendant and negotiate a settlement of the affair. It was at plaintiff's instigation that defendant went to the owner in regard to the matter, and La Follet has no reason to complain because Jones testified regarding thereto. The proof of the authority of Decker to act in the matter was not wanting. It is clear that the jury did not base their verdict upon the agreement between Jones and Decker, for the court charged them that, if that agreement had been proven, the value of Jones' special property would thereby be limited to $25. Twice this amount was found for defendant by the verdict. There was no error in admitting the testimony objected to.

2. Plaintiff complains that the court erred in giving the following instructions to the jury:

"The plaintiff's position is that he was the bailee of Mr. Decker, and as such bailee, under and by virtue of the terms of the written contract which has been entered into, was entitled to the possession and was the owner of the special property in the sheep in question, and under this character of an agreement which has been introduced in evidence, in the first sense the plaintiff would be the bailee and entitled to the possession. There is a provision in there that the plaintiff should properly fence, to protect the sheep in question, and, failing to do this, upon demand the right of possession would pass to Mr. Decker. Whether or not there was a demand, and

whether or not there was a failure, are. questions of fact.''

The jury found for the defendant ''that the defendant is the owner of special property in and entitled to possession of the personal property described in the complaint, which special property consists of the right to the possession thereof until the payment of the reasonable expenses and charges of taking up and caring for said property, the value of which special property we assess at $50.''

Whatever may be the technical construction or effect of the instruction excepted to, it is plain from the verdict that the jury did not find against the plaintiff, for the reason that he had no special property or ownership in the sheep, nor because Decker was the real owner of the sheep. The matter of Decker's being the lessor of the sheep was proven by plaintiff. The jury found in favor of the defendant upon his affirmative answer as to taking up and caring for the trespassing sheep.

Whatever the status of the ownership of the sheep was, as between La Follet and Decker, the verdict of the jury has rendered that question immaterial. The case did not turn on that issue. It has passed beyond that point. Therefore the instruction could not have prejudiced plaintiff.

We have examined the charge to the jury at length, and the issues seem to have been fairly and plainly submitted to them. There was no reversible error in giving the instruction complained of.

Finding no error in the record, the judgment of the lower court is affirmed.                AFFIRMED.

McBRIDE, C. J., and JOHNS and BROWN, JJ., concur.